STATE OF MISSOURI, Respondent, v. MOSES SANDERS, Appellant.

### St. Louis Court of Appeals, April 9, 1895.

Criminal Law: INDICTMENT: EXACTION OF FEES BY OFFICER.  The indictment in this cause, which was a prosecution against an officer for the exaction of fees not due him, is considered and *held* sufficient.

*Appeal from the Ozark Circuit Court.*—HON. ARGUS COX, Special Judge.

AFFIRMED.

No brief filed for either appellant or respondent.

ROMBAUER, P. J.—The fees which a prosecuting attorney is entitled to demand and receive are fixed by section 2 of an act regulating the fees of officials, approved March 31, 1891. (Laws, 1891, p. 139.) Section 3735 of the Revised Statutes of 1889, makes it a misdemeanor for any officer by color of his office to unlawfully and willfully exact or demand or receive, any fees that are not due, and such exaction or demand is, under the provisions of section 3737, punishable by a fine not exceeding $500, or by imprisonment in the county jail not exceeding one year, or by both.

The defendant was indicted for unlawfully, willfully, designedly and corruptly, exacting certain fees as late prosecuting attorney of Oregon county, said fees being enumerated in the indictment. He was tried on a change of venue in Ozark county, and was convicted and sentenced to pay a fine of $40.

There is no bill of exceptions in the record, nor are any briefs filed by either party. As other parts of the record are regular, we are confined in our examination to the sufficiency of the indictment. While the indictment is verbose and contains a mass of unnecessary repetition, it sufficiently enumerates the fees which the defendant illegally exacted. We take judicial notice of the fact that the fees thus exacted are not such as the prosecuting attorney is by law authorized to demand.

All the judges concurring, the judgment is affirmed.